IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN WILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v.  ) | Judge Ronald A. Guzmán |
| ) | |
| GRUNDY COUNTY, GRUNDY COUNTY ) | |
| BOARD OF HEALTH, KATHLEEN ) | |
| VELDHUIZEN, in her individual and official ) | 07 C 5257 |
| capacities, FRED BOURDELAIS, in his ) | |
| individual and official capacities, ) | |
| JOHN ALMER, in his individual and official ) | |
| capacities, PAUL"BARRY" NELSON, ) | |
| in his individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Kathleen Wills has sued Grundy County, Grundy County Board of Health, Kathleen Veldhuizen, Fred Bourdelais, John Almer and Paul "Barry" Nelson for allegedly depriving her of her constitutional rights in violation of 42 U.S.C. § 1983, violating The Whistleblower Protection Act of 1989, 5 U.S.C. § 2302, and violating Section 19c.1 of the Illinois Personnel Code, 20 Ill. Comp. Stat. 415/19c.1. Before the Court is defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided herein, the Court grants defendants' motion.

## FACTS

In January 2001, Wills began working for Grundy County Health Department, Mental Health Division, as an RN Case Manager on an independent contract basis. (Compl. ¶ 10.) In

December 2001, Wills was reclassified from an independent contractor to an employee of Grundy County. (*Id.*)

In June 2003, Wills was employed by Grundy County as a Mental Health Division Director. (*Id.* ¶ 11.) Wills was responsible for allocating funds as required by procedures set forth by the state and federal governments. (*Id.* ¶ 13.) Kathleen Veldhuizen, Grundy County Health Department Administrator, told Wills not to use certain funds to benefit veterans programs. (*Id.* ¶ 14.) In addition, Veldhuizen, Bourdelais, who was the Grundy County Administrator, Almer, who was a Grundy County Board member, and Nelson, who was Chairman of the Grundy County Board, attempted to influence Wills not to work with the Veteran's Assistance Commission ("VAC") because of various lawsuits filed by the VAC on behalf of veterans not receiving benefits from Grundy County. (*Id.* ¶ 17; Pl.'s Resp. 11.) Wills told Veldhuizen that she believed these directives and attempts to influence her discriminated against veterans. (Compl. ¶¶ 14-16.)

In February 2005, Grundy County received funds to expand its Child and Adolescent ("C&A") program. (*Id.* ¶ 18.) Veldhuizen and Wills had initially agreed to use some of the funds to increase the hours of RN case managers, which would benefit those in the C&A program. (*Id.* ¶ 19.) However, Veldhuizen then directed her to decrease RN case manager hours. (*Id.*) Wills believed that this decrease would effect the integrity of the case management program and made her objection known to Veldhuizen and the Board of Health. (*Id.*) In addition, Wills told Veldhuizen that she objected to the use of independent contracts given to a certain staff RN, which Wills believed violated Internal Revenue Guidelines. (*Id.* ¶ 20.)

In April 2006, the defendants terminated Wills. (*Id.* ¶ 11.) Thereafter, the termination was rescinded until June 2006, when Wills was permanently discharged. (*Id.*)

# DISCUSSION

## I. Motion to Strike Exhibit A

Plaintiff's Exhibit A attached to the Complaint is a Notice of Right to Sue and a Charge of Discrimination filed with the Equal Employment Opportunity Commission that alleges retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. Because Wills has not asserted any claim under that statute, Exhibit A is irrelevant to any issue in this suit. Therefore, the Court grants defendants' motion to strike Exhibit A.

## II. Motion to Dismiss

In ruling on a motion to dismiss, a court must accept all allegations as true and draw all reasonable inferences in favor of the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The Supreme Court has stated that the pleading of specific facts is not necessary and that the complaint need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).

### A. Section 1983

In Counts I through IV of her complaint, Wills alleges that each of the individually named defendants deprived her of her constitutional rights in violation of 42 U.S.C. § 1983. Wills claims that Veldhuizen, Bourdelais, Almer and Nelson have violated section 1983 by retaliating against her for exercising her First Amendment rights because she objected to: (1) Veldhuizen's directive not to use certain funds to aid veteran programs; (2) the reduction in RN case manager hours; and (3) the use of independent contracts that she believed violated Internal Revenue Guidelines.

3

Section 1983 makes it unlawful for any person "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . [to] subject[], or cause[] to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "The First Amendment protects a public employee's right to speak as a citizen addressing matters of public concern under certain circumstances." *Sigsworth v. City of Aurora*, 487 F.3d 506, 508 (7th Cir. 2007). Whether the speech of a public employee is protected has traditionally been determined by applying the two-part *Connick-Pickering* test. *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir. 2007). However, the Supreme Court held in *Garcetti v. Ceballos* that in order to determine whether speech is afforded constitutional protection, a court must make a threshold inquiry as to whether the employee was speaking as a citizen. 547 U.S. 410, 421 (2006). Only when the employee is found to be speaking as a citizen is the content of the speech analyzed under the *Connick-Pickering* test. *Spiegla*, 481 F.3d at 965. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti*, 547 U.S. at 421. "Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen." *Id.* at 421-22.

To support her position that she was speaking as a citizen, Wills primarily relies on *Delgado v. Jones*, 282 F.3d 511, 516-20 (7th Cir. 2002), a pre-*Garcetti* case. In *Delgado*, a detective conducting an investigation alleged that he was retaliated against for disclosing the suspected criminal activities of a relative of an elected official with ties to the police chief. *Id.* The *Delgado* court held that because the detective went far beyond his assigned duty and set

4

forth additional facts relevant to the manner and scope of the investigation, his speech was protected by the First Amendment. Wills argues that she, too, went far beyond the routine discharge of her assigned duty and exercised independent judgment in how she reported the misconduct. (Pl.'s Resp. 7.)

However, in *Sigsworth v. City of Aurora*, the court held that because the *Delgado* court had focused on the content of speech, *Delgado* was not dispositive regarding the issue whether a plaintiff speaks as a citizen. 487 F.3d at 510. Similarly, *Delgado* is inapplicable to Wills' First Amendment claim unless she is first found to be speaking as a citizen. Because the remainder of the cases on which Wills relies were also decided pre-*Garcetti*, they are also inapplicable.

In post-*Garcetti* decisions, the Seventh Circuit has held on numerous occasions that when a public employee speaks pursuant to her job duties, she does not speak as a citizen. In *Mills v. City of Evansville*, an on-duty sergeant criticized her superior's plans to restructure the department and reduce the number of employees under her supervision. 452 F.3d 646, 647 (7th Cir. 2006). The sergeant told senior managers that she thought the plan would not work and that the plan would eventually have to be reverted back to the old plan. *Id.* The *Mills* court held that she did not speak as a citizen because Mills' speech was her "contributing to the formation and execution of official policy." *Id.* at 648.

Furthermore, in *Spiegla v. Hull*, a correctional officer responsible for monitoring vehicle and foot traffic through the prison's main gate reported her supervisor's breach of prison security policy to another supervisor. 481 F.3d at 967. The *Spiegla* court held that the officer did not speak as a citizen because she was paid to report possible breaches of prison security. *Id.* at 966.

5

Similarly, in *Sigsworth*, a police officer, who believed he was uncovering corruption, reported that some suspects were tipped off to an impending raid by members of the drug task to which he had been assigned. 487 F.3d at 511. The *Sigsworth* court affirmed the district court's granting of the defendant's motion to dismiss the complaint and held that because the police officer's speech was part of the tasks he was employed to perform, namely cooperation among task force members, he did not speak as a citizen. *Id.*

In *Vose v. Kliment*, a police officer learned that members of another unit were illegally circumventing warrant procedure and filing false or misleading affidavits. 506 F.3d 565, 566 (7th Cir. 2007). The *Vose* court affirmed the district court's granting of a motion to dismiss and held that because the police officer was investigating and reporting misconduct that may affect his unit (although it did not occur within his unit), his speech was made pursuant to his official responsibilities and not as a citizen. *Id.* at 570. Furthermore, the court stated that although the officer went above and beyond his ordinary duties, it was not beyond his duty to ensure the security and propriety of his unit's operations. *Id.*

In the instant case, Wills voiced her objection to her superior regarding how she was to allocate certain funds because she believed that veterans were being subjected to discrimination. (Compl. ¶ 14.) As Mental Health Division Director for the Grundy County Health Department, Wills was responsible for allocating funds for the Grundy County Health Department. (*Id.* ¶ 13.) As in *Sigsworth* and *Vose*, Wills speech fell within the scope of her employment and was made pursuant to her official responsibilities. Therefore, when Wills objected to Veldhuizen's directive regarding the allocation of funds, she spoke as a public employee.

Similarly, Wills spoke as a public employee regarding her objections to the reduction in RN case manager hours. Wills voiced her concern that the reduction in hours would affect the

6

integrity of the Case Management Program. (*Id.* ¶ 19.) Like the plaintiff in *Mills*, Wills' speech involved a disagreement with her superior's plan for the department in which she worked, and as such, her speech was merely her contribution to the execution of official policy. Therefore, Wills was speaking as a public employee when she objected to the reduction in RN case manager hours.

Lastly, Wills spoke as a public employee regarding her objections to the use of independent contracts that she believed violated Internal Revenue Guidelines. Ensuring the propriety and legality of the Mental Health Division's operations was within Wills' duties as director. As in *Spiegla* and *Sigsworth*, because her speech regarding the use of independent contracts versus hiring employees was pursuant to her official responsibilities, Wills was not speaking as a citizen. Thus the Court grants defendants' motion to dismiss Wills' First Amendment claims (Counts I through IV).

### B.  Right to Privacy

In Counts I through IV of her complaint, Wills also alleges that each individual defendant violated her right to privacy. "The Supreme Court has so far identified two elements of the right to privacy: the right to protect personal and privileged information from public scrutiny; and the right to make intimate family decisions free from governmental interference." *Marzen v. U.S. Dep't of Health & Human Servs.*, 632 F. Supp 785, 810 (N.D. Ill. 1986).

In Counts I through IV, Wills states only that the individual defendants "maliciously and recklessly violated Wills' Right to Privacy." (*See, e.g.,* Compl. ¶ 25.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [the Rule] requires more than labels and conclusions, and a formulaic recitation of the elements of a

7

cause of action will not do." *Twombly*, 127 S.Ct at 1959 (quotations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

In her complaint, Wills does not state how she believes that the defendants violated her right to privacy. She merely alleges in a conclusory fashion that the defendants have done so. In short, Wills has failed to "raise a right to relief above a speculative level" regarding the allegation that defendants violated her right to privacy. *See id.* Therefore, the Court grants defendants' motion to dismiss Wills' right to privacy claims in Counts I through IV.

### C. Whistleblower Protection Act

In Count V of her complaint, Wills alleges that Grundy County[1] and/or its agents have violated The Whistleblower Protection Act of 1989, 5 U.S.C. § 2302, by retaliating against Wills. The federal whistleblower statute only applies to federal employees. *Quarles v. Colo. Sec. Agency, Inc.*, 843 F.2d 557, 559 (D.C. Cir. 1988); *see Perkins v. Office of Special Counsel*, 522 F.3d 1373, 1380 (Fed. Cir. 2008) (rejecting argument that state and local employees are protected). The statute defines a protected employee as one who is: (1) appointed by a federal official acting in his or her official capacity; (2) engaged in the performance of a federal function under the authority of law or an executive order; and (3) under the supervision and direction of a federal official while engaged in the performance of the duties of his position. 5 U.S.C. § 2105. The word "and" must be given its conjunctive meaning except when there is clear legislative intent to the contrary. *Bruce v. First Fed'l Sav. & Loan Ass'n of Conroe, Inc.*, 837 F.2d 712, 715

---

[1] Because the Court grants defendants' motion to dismiss Wills' claims based on the grounds discussed herein, it need not reach defendants' alternative arguments.

8

(5th Cir. 1988). Because there has been no showing of a clear legislative intent that the word "and" should be construed in a way contrary to its ordinary meaning, Wills must meet all three qualifications of the statute and failure to meet one qualification dooms her claim.

Although Wills argues that she is a protected employee, the allegations of her complaint establish otherwise. Wills alleges that she was hired by the Grundy County Health Department (Compl. ¶ 10), and thus she was not appointed by a federal official acting in his or her official capacity. This alone is sufficient to nix her claim. Further, Wills argues that she was engaged in a federal function and alleges that as Mental Health Division Director of the Grundy County Health Department, she was responsible for allocating funds as required by procedures set forth by the state and federal governments. (*See id.* ¶¶ 11, 13.) However, because the Grundy County Health Department is a local agency, Wills is a local employee and thus she was not engaged in a federal function. Third, Wills alleges that she was supervised by Veldhuizen, the Grundy County Health Department Administrator (*id.* ¶ 14), *i.e.*, another local employee, and therefore she was not under the supervision and direction of a federal official while engaged in the performance and duties of her position. In sum, because Wills has pleaded facts that show she cannot meet any of the requirements to be a protected employee under the Whistleblower Protection Act, the Court grants defendants' motion to dismiss Count V of the complaint.

### D. Section 19c.1 of the Illinois Personnel Code Claim

In Count VI of her complaint, Wills alleges that Grundy County and/or its agents have violated Section 19c.1 of the Illinois Personnel Code, 20 Ill. Comp. Stat. 415/19c.1. In 2004, the Illinois Supreme Court held that there is no private right of action under this statute. *Metzger v. DeRosa*, 805 N.E.2d 1165, 1173 (Ill. 2004). Therefore, Wills' purported cause of action under

20 Ill. Comp. Stat. 415/19c.1 must fail. Accordingly, the Court grants defendants' motion to dismiss Count VI with prejudice.

### E.    Punitive Damages

Defendants argue that to the extent that Wills seeks punitive damages against Grundy County, Grundy County Health Department and the individually named defendants sued in their official capacity, punitive damages are not available under Section 1983. Plaintiff concedes this point and has withdrawn her request for punitive damages as to Grundy County, Grundy County Health Department, Veldhuizen, Bourdelais, Almer and Nelson sued in their official capacity. (Pl.'s Resp. 14.)

### CONCLUSION

For the reasons set forth above, the Court grants defendants' motion to dismiss the complaint in its entirety. Plaintiff may file an amended complaint within ten days of this Memorandum Opinion and Order. However, the Court reminds plaintiff of her duty to comply with Rule 11 with regard to any such amendment. Failure to amend the complaint within ten days shall result in the dismissal of this action with prejudice.

SO ORDERED                                    ENTERED:   6/26/08

HON. RONALD A. GUZMAN
United States Judge

10